# Thornton *v.* Scheussler *et al.*

*Bill in Equity to reform Mortgage and to foreclose Same.*

1. *Bill in equity to reform mortgage and to foreclose same.* Where a bill is filed to reform a mortgage in respect to the description of lands intended and supposed to be embraced therein, and as reformed to foreclose the same, and it appears that the wife of the grantor was made a party respondent for the sole purpose of having an adjudication as to her

[Thornton v. Scheussler *et al.*]

inchoate dower and homestead interest in the land conveyed in the mortgage, if, after the filing of the bill and before the answer thereto, the wife of the mortgagor dies, any interest which she may have had is thereby eliminated, and the suit is properly abated as to her, and prosecuted against her husband alone; and it is not error for the suit to be so prosecuted, without a special order of the court abating the suit as to the deceased defendant.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellees against the appellants, T. H. Thornton and his wife, M. M. Thornton.

The purpose of the bill is stated in the opinion. The defendant, T. H. Thornton, in his answer to the bill, averred that the defendant, M. M. Thornton, who was his wife, died after the bill was filed, but before the answer was filed. No suggestion of the death of M. M. Thornton appears in the record, and it is not shown by the record on the present appeal that there was an order abating the case as to said M. M. Thornton.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for and ordered accordingly. From this decree the defendant, T. H. Thornton, appeals, and assigns the rendition thereof as error.

E. M. OLIVER, for appellant.—It was error to proceed in the case without an order abating the cause as to the deceased defendant. There should have been a suggestion on the record of her death.—*Prout v. Hoge,* 57 Ala. 29. See also *Guilmartin v. Urquhart,* 82 Ala. 570; *Moore v. Tate,* 114 Ala. 582; *Kilgore v. Redmill,* 121 Ala. 485.

BARNES & DUKE, *contra.*

McCLELLAN, C. J.—Bill filed by Schuessler & Co. against T. H. Thornton and his wife, M. M. Thornton, to reform a mortgage in respect of description of the land intended and supposed to be embraced therein and to foreclose the same as reformed.

[Dorlan v. Westervitch.]

The answer of T. H. Thornton avers that a certain part of such land belonged to his wife, M. M. Thornton; but there is no evidence in support of this averment, and on the other hand, the evidence for the complainants show that all the land belonged to the husband, T. H. Thornton. The only occasion, therefore, for making the wife a party respondent, was in respect of her inchoate dower and homestead interests, and these interests having been eliminated by her death, the suit was properly abated as to her and prosecuted against T. H. Thornton alone.

We concur in the conclusion reached by the chancellor that the evidence is satisfactory to show that the complainants are entitled to the relief prayed; and the decree granting that relief will be affirmed.

Affirmed.